UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHERRIE E. GRIFFIN,

        Plaintiff,

v.                                                                                                  Case # 22-CV-6260 FPG

DAIMLER CHRYSLER SERVICES                                       DECISION AND ORDER
NORTH AMERICA LLC, et al.,

        Defendants.

---

## INTRODUCTION

On June 7, 2022, *pro se* Plaintiff Cherrie E. Griffin ("Plaintiff"), brought this 42 U.S.C. § 1983 action against Daimler Chrysler Services North America LLC (improperly named as "Daimier Chrysler Services North America LLC") ("Daimler Chrysler"), Carmel Financial Corporation, and the Monroe County Sheriff's Department (collectively, "Defendants") alleging that Defendants violated her Fourth Amendment "due process" rights, Fifth Amendment due process "right to notice," Eighth Amendment right against cruel and unusual punishment, and Fourteenth Amendment due process "right to notice." ECF No. 1. Plaintiff also applied to proceed *in forma pauperis*. ECF No. 2.

On August 5, 2022, after screening Plaintiff's Complaint for sufficiency pursuant to 28 U.S.C. §§ 1915(e)(2)(B), the Court directed Plaintiff to file an Amended Complaint that set forth facts describing Defendants' alleged failure to provide notice and facts describing how such misconduct constitutes state action, as required by 42 U.S.C. § 1983, through Defendants' use of the enforcement procedures provided by N.Y. C.P.L.R. § 5230-31. *See* ECF No. 3 at 7. In addition, the Court granted Plaintiff's motion to proceed *in forma pauperis* and terminated the

1

Monroe County Sheriff's Department as a Defendant because the department is not a suable entity. *Id*. The Court granted Plaintiff leave to file her Amended Complaint against Daimler Chrysler and Carmel Financial Corporation by September 5, 2022. *Id*. at 8. Plaintiff filed her Amended Complaint on September 2, 2022. ECF No. 4. Plaintiff's Amended Complaint appears to allege only a Fifth Amendment violation of a due process right to notice due to Defendants' failure to notify her of a default judgment and their use of state procedures to enforce the judgment. *Id*. For the reasons set forth below, Plaintiff's Complaint may proceed to service.

## DISCUSSION

The Court must screen Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2)(B). Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted).

I.     **The Amended Complaint**

"To plead a cognizable claim, [the] complaint must allege enough facts to state a claim to relief that is plausible on its face." *Inkel v. Connecticut*, No. 3:14-CV-1303, 2015 WL 4067038, at *1 (D. Conn. July 2, 2015) (internal quotation marks omitted). In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in

Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

    A.    **Plaintiff's Claims**

First, Plaintiff alleges that Daimler Chrysler improperly received "$19,191.88 with interest accruing from January 31, 2003 for a total of [$65,000.00]" from a default judgment granted against her without her knowledge of the default proceedings. ECF No. 4 at 3. Plaintiff co-signed for the automobile that was the subject of the proceedings. *Id*. Plaintiff alleges that the amount was paid to Daimler Chrysler, the judgment creditor, from her employer, Rohrbach Brewing Co., pursuant to N.Y. C.P.L.R. § 5231. *Id*. at 5. Plaintiff claims her Fifth Amendment due process rights were violated by Daimler Chrysler because she "never received a due process notice of the default judgment," as required by the statute. *Id*. at 6. According to Plaintiff, notice was not provided in writing, by phone, or any other method of delivery. *Id*. The judgment led to garnishment of her wages for the last "18 to 19 years" and resulted in the loss of almost $90,000.00. *Id*. at 7. Plaintiff does not discuss notice of the garnishment, only notice of the default judgment.

3

Second, Plaintiff alleges that Carmel Financial Corporation failed to provide her notice of the default proceeding and the income execution that led to the garnishment of her wages. *Id*. at 9. She alleges that Carmel Financial Corporation, like Daimler Chrysler, used the Monroe County Sheriff's Department income execution procedures to garnish her wages. *Id*. at 10. Plaintiff provides documentation of the income execution and default proceedings, *see generally* ECF No. 4, which show Carmel Financial Corporation was granted a default judgment, in the amount of $8,125.55, on August 1, 2007. *Id.* at 15. Plaintiff alleges a violation of her Fifth Amendment right to "due process notice" because she lacked knowledge of the default proceedings. *Id.* at 9.

Plaintiff does not specify in her Amended Complaint what relief she seeks from the Court with respect to either claim. While Plaintiff alleges monetary loss from the alleged constitutional violation suffered, Plaintiff does not specifically seek monetary relief.

## II.   Analysis

Plaintiff alleges that Daimler Chrysler and Carmel Financial Corporation violated her Fifth Amendment due process "right to notice." Viewed in the light most favorable to Plaintiff, the Court construes Plaintiff's claims to challenge the parties' alleged failure to notify her of the default proceedings in accordance with the notice provisions of N.Y. C.P.L.R. § 5230-31, not a failure to provider her notice of the garnishment itself. Construing Plaintiff's pleadings liberally in accordance with 28 U.S.C. § 1915(e), the Court cannot determine that Plaintiff's claims are frivolous, malicious, or fail to state a claim upon which relief can be granted. For the reasons explained more fully below, Plaintiff's Amended Complaint may proceed to service. However, the Court remains unclear as to (1) whether Plaintiff possesses a Fifth Amendment right to notice under the circumstances alleged; (2) whether Defendants' alleged misconduct constitutes state action; and (3) whether Plaintiff's claims are time-barred by the applicable statute of limitations.

4

Because it is unclear whether the facts Plaintiff alleges align with the legal theories Plaintiff appears to advance, the Court declines to parse Plaintiff's claims and excise them without the benefit of further briefing.

As a general matter, Daimler Chrysler and Carmel Corporation, both private entities, must have engaged in state action for Plaintiff to obtain relief under 42 U.S.C. § 1983. Private entities may only be liable for alleged constitutional violations when they act "under color of [state] law." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982). Liability is determined with a two-part inquiry, each part of which must be satisfied before an act of a private party that causes a constitutional deprivation may be 'fairly attributable to the state':

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them.

*Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1265 (3d Cir. 1994) (quoting *Lugar*, 457 U.S. at 937).

Where a private party's use or misuse of a state procedure is challenged, as it is here, a plaintiff's "mere invocation" of state procedures will result in a finding of color of state law only if the defendant's alleged misconduct is fairly attributable to the State. *Wright v. Nat'l Bank of Stamford*, 600 F. Supp. 1289, 1298 (N.D.N.Y. 1985) (citing *Lugar*, 457 U.S. at 937).

Plaintiff's claims, as discussed, invite the Court to determine whether a private party's alleged failure to provide statutorily required notice of the execution of a default judgment against a debtor before the enforcement of the judgment (1) violates the debtor's Fifth Amendment right

to notice and (2) constitutes state action for the purposes of 42 U.S.C. § 1983.  While neither proposition appears to have much support in the Second Circuit at this time,[1] the Court is not inclined to dismiss the Amended Complaint at this juncture without the benefit of further briefing.

The Court similarly cannot determine whether Plaintiff's claims are time-barred by the applicable statute of limitations.  As a general matter, "[s]ection 1983 actions filed in New York are subject to a three-year statute of limitations." *Helwing v. Pszeniczny*, No. 21-843, 2022 WL 610341, at *2 (2d Cir. Mar. 2, 2022) (internal quotation marks and ellipsis omitted).  "A § 1983 claim accrues when the plaintiff knows or has reason to know of the harm." *Id.* (internal quotation marks omitted).  Because Plaintiff alleges a failure to provide notice of the default judgment and does not challenge the garnishment the default judgment caused, the Court cannot determine with ease whether Plaintiff knew or had reason to know of the underlying default judgment.  Plaintiff makes no representations in her Amended Complaint with respect to when she noticed the garnishment, whether she investigated its cause when it first began, or whether she knew it was connected to the entry of a default judgment.  For example, if Plaintiff knew or had reason to know of the default judgment when her wages were first garnished, Plaintiff's claims would be time-barred because the default judgment was entered in 2003, nearly twenty years ago.  If, on the other hand, Plaintiff did not know or have reason to know the garnishment of her wages was caused by the entry of the default judgment until recently, Plaintiff's claims may not be time-barred.  In short, without additional briefing from the parties on the availability of a statute of limitations defense, the Court cannot determine whether Plaintiff's claims must be dismissed on this basis.

---

[1] The second proposition appears to have some support in the Third Circuit.  *See Jordan*, 20 F.3d 1250 (holding that an attorney may be a state actor if the attorney employs the state to enforce or execute a state-provided procedure); *see also O'Hanlon v. City of Chester*, Nos. CIV.A. 00-0664, CIV.A. 00-5617, 2002 WL 393122, at *5 (E.D. Pa. Mar. 12, 2002) (noting that "a private individual who enlists the compulsive powers of the state to seize property by executing on a judgment without pre-deprivation notice or hearing acts under color of law and so may be held liable under section 1983 if his acts cause a state official to use the state's power of legal compulsion to deprive another of property.") (quoting *Jordan*, 20 F.3d at 1267).

6

Accordingly, the Court will permit the Amended Complaint to proceed to service. That is, under a "liberal construal" of the *pro se* Plaintiff's Amended Complaint, Plaintiff appears—at this early stage—to allege misconduct with respect to a private entity's use of a state procedure to execute a default judgment, *see* N.Y. C.P.L.R. § 5230-31, in violation of the Fifth Amendment.

## CONCLUSION

Because Plaintiff met the statutory requirements of 28 U.S.C. § 1915(a), her request to proceed *in forma pauperis* was granted. For the reasons set forth above, the Complaint shall proceed against Defendants. The Clerk of Court is directed to forward copies of the Summons, Complaint, and this Order to the United States Marshal Service for service upon Defendants without Plaintiff's payment, with unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor. Further, the Clerk of the Court is directed to mail a copy of this Order to the *pro se* Plaintiff.

IT IS SO ORDERED.

Dated: October 6, 2022
      Rochester, New York

                                    HON. FRANK P. GERACI, JR.
                                    United States District Court Judge