UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHERRIE E. GRIFFIN,

         Plaintiff,

v.                                                                                          Case # 22-CV-6260 FPG

DAIMLER CHRYSLER SERVICES                                DECISION AND ORDER
NORTH AMERICA LLC, et al.,

         Defendants.
_____

## INTRODUCTION

On June 7, 2022, *pro se* Plaintiff Cherrie E. Griffin ("Plaintiff"), brought this 42 U.S.C. § 1983 action against Daimler Chrysler Services North America LLC (improperly named as "Daimier Chrysler Services North America LLC") ("Daimler Chrysler"), Carmel Financial Corporation, and the Monroe County Sheriff's Department (collectively, "Defendants") alleging that Defendants violated her Fourth Amendment "due process" rights, Fifth Amendment due process "right to notice," Eighth Amendment right against cruel and unusual punishment, and Fourteenth Amendment due process "right to notice." ECF No. 1.  Plaintiff also applied to proceed *in forma pauperis*.  ECF No. 2.

On August 5, 2022, after screening Plaintiff's complaint for sufficiency pursuant to 28 U.S.C. §§ 1915(e)(2)(B), the Court directed Plaintiff to file an amended complaint that set forth facts describing Defendants' alleged failure to provide notice and facts describing how such misconduct constitutes state action, as required by 42 U.S.C. § 1983, through Defendants' use of the enforcement procedures provided by N.Y. C.P.L.R. § 5230-31.  *See* ECF No. 3 at 7.  In addition, the Court granted Plaintiff's motion to proceed *in forma pauperis* and terminated the

1

Monroe County Sheriff's Department as a Defendant because it is not a suable entity. *Id*. The Court granted Plaintiff leave to file her amended complaint against Daimler Chrysler and Carmel Financial Corporation by September 5, 2022. *Id*. at 8.

On October 6, 2022, after screening Plaintiff's amended complaint, ECF No. 4, the Court permitted Plaintiff's Fifth Amendment due process claim to proceed to service. ECF No. 5. Plaintiff alleges a violation of a due process right to notice due to Defendants' failure to notify her of a default judgment and their use of state procedures to enforce the judgment. *Id*. at 2-5.

Defendant Carmel Financial Corporation (hereinafter, "Defendant") was served on May 3, 2023. ECF No. 8. Defendant's answer was due May 24, 2023. *Id*. On May 11, 2023, the Court, having received a letter from an officer of Carmel Financial Corporation requesting that the Court "remove any interest from us" from the case, noted that the letter was not a proper responsive pleading to the complaint and that Defendant's answer remained due May 24, 2023. ECF No. 11. Defendant did not file an answer or response. On September 20, 2023, the Clerk entered default against Defendant because it had failed to plead or otherwise defend this action. *See* ECF No. 17; *see also* ECF No. 15 (directing Clerk to enter default pursuant to Fed. R. Civ. P. 55(a), and notifying Plaintiff that she must apply to the Court for a default judgment after the entry of default, if she wished to do so, under Fed. R. Civ. P. 55(b)(2)).

On October 3, 2023, Plaintiff moved for default judgment against Defendant. ECF No. 18. Defendant's response was due by November 6, 2023. ECF No. 19. Defendant did not respond. For the reasons below, Plaintiff's motion for default judgment is denied and her claim against Defendant is dismissed with prejudice.

Monroe County Sheriff's Department as a Defendant because it is not a suable entity. *Id*. The Court granted Plaintiff leave to file her amended complaint against Daimler Chrysler and Carmel Financial Corporation by September 5, 2022. *Id*. at 8.

On October 6, 2022, after screening Plaintiff's amended complaint, ECF No. 4, the Court permitted Plaintiff's Fifth Amendment due process claim to proceed to service. ECF No. 5. Plaintiff alleges a violation of a due process right to notice due to Defendants' failure to notify her of a default judgment and their use of state procedures to enforce the judgment. *Id*. at 2-5.

Defendant Carmel Financial Corporation (hereinafter, "Defendant") was served on May 3, 2023. ECF No. 8. Defendant's answer was due May 24, 2023. *Id*. On May 11, 2023, the Court, having received a letter from an officer of Carmel Financial Corporation requesting that the Court "remove any interest from us" from the case, noted that the letter was not a proper responsive pleading to the complaint and that Defendant's answer remained due May 24, 2023. ECF No. 11. Defendant did not file an answer or response. On September 20, 2023, the Clerk entered default against Defendant because it had failed to plead or otherwise defend this action. *See* ECF No. 17; *see also* ECF No. 15 (directing Clerk to enter default pursuant to Fed. R. Civ. P. 55(a), and notifying Plaintiff that she must apply to the Court for a default judgment after the entry of default, if she wished to do so, under Fed. R. Civ. P. 55(b)(2)).

On October 3, 2023, Plaintiff moved for default judgment against Defendant. ECF No. 18. Defendant's response was due by November 6, 2023. ECF No. 19. Defendant did not respond. For the reasons below, Plaintiff's motion for default judgment is denied and her claim against Defendant is dismissed with prejudice.

## BACKGROUND[1]

In her amended complaint, Plaintiff alleges that Daimler Chrysler improperly received "$19,191.88 with interest accruing from January 31, 2003 for a total of [$65,000.00]" from a default judgment granted against her without her knowledge of the default proceedings. ECF No. 4 at 3. Plaintiff co-signed for the automobile that was the subject of the proceedings. *Id*. Plaintiff alleges that the amount was paid to Daimler Chrysler, the judgment creditor, from her employer, Rohrbach Brewing Co., pursuant to N.Y. C.P.L.R. § 5231. *Id*. at 5. Plaintiff claims her Fifth Amendment due process rights were violated by Daimler Chrysler because she "never received a due process notice of the default judgment," as required by the statute. *Id*. at 6. According to Plaintiff, notice was not provided in writing, by phone, or any other method of delivery. *Id*. The judgment led to garnishment of her wages for the last "18 to 19 years" and resulted in the loss of almost $90,000.00. *Id*. at 7. Plaintiff does not discuss notice of the garnishment, only notice of the default judgment.

Second, Plaintiff alleges that Carmel Financial Corporation failed to provide her notice of the default proceeding and the income execution that led to the garnishment of her wages. *Id*. at 9. She alleges that Carmel Financial Corporation, like Daimler Chrysler, used the Monroe County Sheriff's Department income execution procedures to garnish her wages. *Id*. at 10. Plaintiff provides documentation of the income execution and default proceedings, *see generally* ECF No. 4, which show Carmel Financial Corporation was granted a default judgment, in the amount of $8,125.55, on August 1, 2007. *Id*. at 15. Plaintiff alleges a violation of her Fifth Amendment right to "due process notice" because she lacked knowledge of the default proceedings. *Id*. at 9.

---

[1] The following allegations are taken from Plaintiff's amended complaint, ECF No. 4, unless otherwise noted and are deemed admitted due to Defendant's default. *See In re Indus. Diamonds Antitrust Litig*., 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) ("[A] default constitutes an admission of all the facts 'well pleaded' in the complaint …"). The Court includes Plaintiff's allegations as to Daimler Chrysler for context.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, the plaintiff must have secured an entry of default from the clerk, which requires a showing, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend" itself in the action. Fed. R Civ. P. 55(a). Once the plaintiff has obtained an entry of default, and if his claim against the defendant is not "for a sum certain," the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

The clerk's entry of default does not mean that default judgment is automatically warranted. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). Instead, "the court may, on [the plaintiff's] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Id*; *see also Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) ("[I]t is well established that … [']a party's default is deemed to constitute a concession of all well pleaded allegations of liability… .'" (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992))). If liability is established, the Court must then determine the proper amount of damages, which requires evidentiary support. *See id*. at 189 ("[A] party's default … is not considered an admission of damages." (quotation omitted)).

Damages must instead be "established by proof unless the amount [of damages] is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974); *see also Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested."). If a claim is not for a sum certain, the plaintiff must apply to the court for

entry of default judgement under Rule 55(b)(2). *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d. Cir. 2011). The reviewing court must then "ensure that there is a basis for the damages specified in a default judgment," and, if necessary, "make the determination through a hearing." *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). In all cases, the burden is on the plaintiff to establish its entitlement to damages. *See Nationstar Mortg. LLC v. Atanas*, 285 F. Supp. 3d 618, 626 (W.D.N.Y. 2018).

## DISCUSSION

### I. Plaintiff's Motion

Plaintiff's motion for default judgment is denied as to Defendant Carmel Financial Corporation because the allegations in the amended complaint do not establish Defendant's liability as a matter of law. Accordingly, because the allegations do not state a valid claim for relief, Plaintiff's claim against Defendant is properly dismissed with prejudice.

In the present motion, Plaintiff requests "judgment against [Defendant] awarding Plaintiff full financial restoration." ECF No. 18 at 4. Plaintiff claims Defendant "destroyed [her] credit [and took] thousands of dollars from [her] [.]" *Id*. Plaintiff states that she "was not aware of due payments until I was having funds garnishing [sic] from my employment enforce [sic] by Monroe County Sheriff Department." *Id*. at 5.

As stated, while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, a district court "need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotation marks omitted). Before entering default judgment, a district court is "required

to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law. *Id*. at 137.[2]  Here, they do not.

Plaintiff alleges that Carmel Financial Corporation violated her Fifth Amendment due process "right to notice." *See* ECF No. 4.  Viewed in the light most favorable to Plaintiff, the Court in its prior screening order construed Plaintiff's claim to challenge Defendant's alleged failure to notify her of the default proceedings in accordance with the notice provisions of N.Y. C.P.L.R. § 5230-31, not a failure to provide her notice of the garnishment itself.  At this stage of litigation, it remains unclear (1) whether Plaintiff has a Fifth Amendment right to notice under the circumstances alleged; (2) whether Defendant's alleged misconduct constitutes state action; and (3) whether Plaintiff's claims are time-barred by the applicable statute of limitations.  Because the Court cannot determine whether the allegations presented align with the legal theories Plaintiff appears to advance, Plaintiff's motion default judgment is denied and her claim against Defendant will be dismissed with prejudice.

First, Carmel Financial Corporation, a private entity, must have engaged in state action for Plaintiff to obtain relief under 42 U.S.C. § 1983.  Private entities may only be liable for alleged constitutional violations when they act "under color of [state] law." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982).  Liability is determined with a two-part inquiry, each part of which must be satisfied before an act of a private party that causes a constitutional deprivation may be 'fairly attributable to the state':

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for

---

[2] Many circuits hold that a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief. *See, e.g., Conetta v. Nat'l Hair Care Ctrs., Inc.*, 236 F.3d 67, 75-76 (1st Cir. 2001); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975); *Gen. Conf. Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 407 (6th Cir. 2010); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir.1994); *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir.2010); *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007); *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir.2010); *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

> whom the State is responsible. . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them.

*Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1265 (3d Cir. 1994) (quoting *Lugar*, 457 U.S. at 937).

Where a private party's use or misuse of a state procedure is challenged, as it appears to be here, a plaintiff's "mere invocation" of state procedures will result in a finding of color of state law only if the defendant's alleged misconduct is fairly attributable to the State. *Wright v. Nat'l Bank of Stamford*, 600 F. Supp. 1289, 1298 (N.D.N.Y. 1985) (citing *Lugar*, 457 U.S. at 937).

Plaintiff's claims, as discussed, invite the Court to determine whether a private party's alleged failure to provide the statutorily required notice of the execution of a default judgment against a debtor before the enforcement of the judgment (1) violates the debtor's Fifth Amendment right to notice and (2) constitutes state action for the purposes of 42 U.S.C. § 1983. Neither proposition appears to be viable in the Second Circuit,[3] which precludes a finding that Plaintiff has established liability as a matter of law.

As the Court held in its prior screening order, the Court similarly cannot determine whether Plaintiff's claims are time-barred by the applicable statute of limitations. As a general matter, "[s]ection 1983 actions filed in New York are subject to a three-year statute of limitations." *Helwing v. Pszeniczny*, No. 21-843, 2022 WL 610341, at *2 (2d Cir. Mar. 2, 2022) (internal

---

[3] The second proposition appears to have some support in the Third Circuit. *See Jordan*, 20 F.3d 1250 (holding that an attorney may be a state actor if the attorney employs the state to enforce or execute a state-provided procedure); *see also O'Hanlon v. City of Chester*, Nos. CIV.A. 00-0664, CIV.A. 00-5617, 2002 WL 393122, at *5 (E.D. Pa. Mar. 12, 2002) (noting that "a private individual who enlists the compulsive powers of the state to seize property by executing on a judgment without pre-deprivation notice or hearing acts under color of law and so may be held liable under section 1983 if his acts cause a state official to use the state's power of legal compulsion to deprive another of property.") (quoting *Jordan*, 20 F.3d at 1267).

quotation marks and ellipsis omitted). "A § 1983 claim accrues when the plaintiff knows or has reason to know of the harm." *Id.* (internal quotation marks omitted). Because Plaintiff alleges a failure to provide notice of the default judgment and does not challenge the garnishment the default judgment caused, the Court cannot determine if Plaintiff knew or had reason to know of the underlying default judgment. As previously discussed, Plaintiff presents no allegations with respect to when she noticed the garnishment, whether she investigated its cause when it first began, or whether she may have known it was caused by the entry of a default judgment.

Accordingly, the Court concludes that Plaintiff has not established Defendant's liability as matter of law with respect to whether Defendant's use of a state procedure to execute a default judgment, *see* N.Y. C.P.L.R. § 5230-31, violated her Fifth Amendment right to notice. Because Plaintiff has not established Defendant's liability as matter of law, the Court does not address whether Plaintiff has established "entitlement to damages." *See Nationstar Mortg. LLC*, 285 F. Supp. 3d at 626.

Because Plaintiff fails to sufficiently allege a valid claim for relief against Defendant, she is not entitled to a default judgment and her claim against Defendant will be dismissed with prejudice. *See, e.g. BYC, Inc. v. Broken Yolk*, No. 21-CV-6203-FPG, 2022 WL 16700278, at *6-7 (W.D.N.Y. Nov. 3, 2022) (denying renewed motion for default judgment and dismissing complaint with prejudice); *Abu Dhabi Com. Bank v. Morgan Stanley & Co.*, No. 08-CV-7508, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) ("[A] dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies […]"). While the Court, in its second screening order dated October 6, 2022, indicated that it was "not inclined to dismiss the Amended Complaint at [that] juncture without the benefit of further briefing[,]" the Court concludes at this stage of litigation that further briefing and amendment from Plaintiff would

be futile with respect to Defendant Carmel Financial Corporation. As stated, Defendant has failed to plead or otherwise defend this action, *see* ECF No. 17, *see also* ECF No. 15, and has not responded to Plaintiff's motion for default judgment. ECF No. 19. Plaintiff's motion for default judgment includes no factual allegations that support legal claims asserted. *See* ECF No. 18. In addition, Plaintiff was previously provided an opportunity to amend or to be heard prior to dismissal despite the slim likelihood that "an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). For the reasons explained more fully above, the Court concludes that further amendment and briefing would be futile, and her claim against Defendant is properly dismissed with prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment, ECF No. 18, is denied and her claim as to Defendant Carmel Financial Corporation is dismissed with prejudice. The Clerk of Court is directed to terminate Defendant Carmel Financial Corporation from this action and update the case caption accordingly.

IT IS SO ORDERED.

Dated: February 6, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York